IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

PREFERRED TAX SERVICE, INC., :
: Civil Action No.
Plaintiff, : 1:05-CV-00872-SLR
:
v. :
:
ROBERT PIANE et al., :
:
Defendants. :

**BRIEF IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S VERIFIED COMPLAINT OF DEFENDANTS,
ROBERT PIANE, ROBERT PIANE, JR. AND PIANE CATERERS, INC.**

Michael J. Hood (No. 2080)
MICHAEL J. HOOD, LLC
1701 Shallcross Ave. Ste. C
P. O. Box 1471
Wilmington, DE 19899
(302)777-1000
(302)777-1098 (Fax)

Attorney for Defendants,
Robert Piane, Robert Piane, Jr.,
and Piane Caterers, Inc.

Dated: January 9, 2006

## TABLE OF CONTENTS

TABLE OF AUTHORITIES……………………………………………………………..iv

NATURE OF STAGE OF PROCEEDINGS……………………………………………...1

SUMMARY OF ARGUMENT……………………………………………………...2

PTS' FACTUAL ALLEGATIONS………………………………………………………2

ARGUMENT…………………………………………………………………………...2

I. Standard of Review……………………………………………………..2

II. PTS has failed to plead to any valid RICO Claim (Count VII)………………………………………………………2

III. Since the complaint fails to plead a valid RICO claim, this entire action should be dismissed for lack of subject matter jurisdiction………………………………………………………3

IV. PTS' state law claims fail to state any claim upon which relief can be granted and should be dismissed……………………………3

A. PTS has failed to state a claim for breach of contract because the alleged agreement lacks consideration and is barred by the statute of frauds (Count I)…………………...3

B. PTS' tort claims relating to the lease are barred by the economic loss doctrine (Counts II, III, VI, VII and VIII)…………4

C. PTS has failed to state a claim for tortuous interference with prospective economic advantage (Count II)…………………4

D. PTS has failed to state a claim for tortuous interference since there was no contract ever made and the Piane defendants could not intentionally interfere with a non-existing contract (Count III)…………………………………4

E. PTS' claims for unfair trade practices and civil conspiracy are barred by Delaware's Uniform Trade Secrets Act (Counts IV and VI)…………………………………5

F. PTS has failed to state a claim for misappropriation of trade secrets (Count V)……………………………………….5

iii

      G.      PTS' has failed to state a claim for civil conspiracy (Count VI)..................................................................................5

      H.      PTS has failed to state a claim for bad faith (Count VIII).................................................................................5

CONCLUSION.................................................................................................6

# TABLE OF AUTHORITIES

**Cases:**

Huntington Homeowners Association, Inc. v. 706 Investments, 1999 Del. Ch. LEXIS 119, *13 (Del. Ch. May 28, 1999)..................................................................................3

Huss v. Green Spring Health Services, Inc., 18 F. Supp. 2d 400, 402 (D. Del. 1998)............3

Irwin & Leighton, Inc. v. W.M. Anderson Co., 532 A. 2d 983, (Del. Ch. 1987)...................4

Lipson v. Anesthesia Services, P.A., 792 A. 2d 1261, 1284 (Del. Super 2001)....................4

**Statues and Rules:**

6 Del. Code § 2714 (a)..................................................................................................2

28 Del. Code § 1132....................................................................................................2

Rule 12 (b) (6), F. R. C. P........................................................................................1, 2

## NATURE AND STAGE OF PROCEEDINGS

Defendants Robert Piane ("Piane"), Robert Piane, Jr. ("Piane, Jr."), and Piane Caterers, Inc. ("Caterers"), are going to rely heavily on the motion to dismiss filed by Defendants The Tax Authority, Inc. ("Tax Authority") and Kenneth M. Leese ("Leese"). Reliance will be inclusive of the nature and stage of proceedings, summary of facts as alleged by the plaintiff, and also the legal arguments involved. These defendants believe except for some divergence in the position of these defendants and Tax Authority and Leese, their brief accurately set out the nature and stage of proceedings, the allegations by the plaintiff and the law involved in the motion to dismiss this complaint in its entirety.

These defendants will state specifically when they are relying on the brief filed by the other defendants and will state their own arguments when their positions diverge.

In this action, plaintiff, Preferred Tax Service, Inc., ("PTS") which does operate as a tax preparation business in Wilmington, DE alleges that defendants, Piane, Piane, Jr., and Caterers breached an oral agreement with PTS to not lease space in the building owned by Piane to Tax Authority until such time when Tax Authority had acquired the business of PTS. Furthermore, PTS somehow claims that these defendants misappropriated confidential information disclosed by PTS during the course of negotiations between PTS and Tax Authority for the sale of PTS.

The plaintiff relies on paragraph 2 of the nature and stage of proceedings in Tax Authority's motion to dismiss which spells out the specific claims of the verified complaint filed on December 16, 2005 by the plaintiff.

Tax Authority and Leese have filed a motion pursuant to Rule 12 (b) (6), F. R. C. P., to dismiss PTS' verified complaint in its entirety as it fails to state any claim upon relief can be granted.

This is Piane, Piane, Jr. and Caterers motion pursuant to Rule 12 (b) (6), F. R. C. P., to dismiss PTS' verified complaint in its entirety as it does fail to state any claim upon relief can be granted.

## SUMMARY OF ARGUMENT

These defendants rely on Tax Authority and Leese's argument in their summary of argument as to paragraph 1, 2, 3, 4 except as discussed below.

PTS has failed to state a claim for tortuous interference since there was no contract ever made and the Piane defendants could not intentionally interfere with a non-existing contract (Count III).

## PTS' FACUTAL ALLEGATIONS

These defendants rely on Tax Authority statement of the allegations submitted by PTS in it's complaint. These defendants believe it sets out what PTS is alleging occurred. The only difference is that PTS alleges in both paragraph 39 and paragraph 47 in it's complaint that it was not aware that Tax Authority prepaid rent to Piane upon the execution of the lease on August 8, 2005 until October 2005. However, it can been seen by exhibit G of plaintiff's complaint that it was aware at least by September 30, 2005 that prepaid rent had been made. The release specifically states that all prepaid rent would be returned by these defendants to Tax Authority.

## ARGUMENT

I. **Standard of review**

These defendants rely on Tax Authority and Leese's recitation of the applicable standard of review for a motion to dismiss pursuant to Rule 12 (b) (6), F. R. C. P.

II. **PTS has failed to plead any valid RICO claim (Count VII)**

These defendants rely on the argument and case law propounded by the defendant Tax Authority and Leese in regards to PTS having failed to plead any valid RICO claim.

Furthermore as argued by Tax Authority and Leese, PTS has not alleged any detrimental reliance or any fraudulent misrepresentation or omission as to the alleged actions of these defendants. As with these defendants, Piane was free to lease office space in his building to any willing person.

III. **Since the complaint fails to plead a valid RICO claim, this entire action should be dismissed for lack of subject matter jurisdiction.**

These defendants rely on Tax Authority and Leese's argument that due to the lack of a valid RICO claim, the case should be dismissed for the lack of subject matter jurisdiction. There is certainly no diversity jurisdiction under 28 Del. Code § 1132. Huss v. Green Spring Health Services, Inc., 18 F. Supp. 2d 400, 402 (D. Del. 1998). Piane and Piane, Jr. are citizens and residents of the state of Delaware and Caterers is a Delaware corporation.

**IV.    PTS' state law claims fail to state any claim upon which relief can be granted and should be dismissed.**

Even assuming jurisdiction was proper, PTS has not stated any valid state law claims for the following reasons:

    **A.    PTS has failed to state a claim for breach of contract because the alleged agreement was barred by the statute of fraud and lacks consideration (Count I).**

The alleged oral promise between these defendants and the plaintiff is barred by a statute of fraud as it certainly concerns an interest in real estate. See 6 Del. Code § 2714 (a) ("No action shall be brought to charge any person…upon any contract or sale of lands, tenements, or hereditaments, or any interest in or concerning them…unless the contract is reduced in writing…")(emphasis added); Huntington Homeowners Association, Inc. v. 706 Investments, 1999 Del. Ch. LEXIS 119, *13 (Del. Ch. May 28, 1999). In Huntington the Chancery Court refused to grant relief to the various plaintiffs based on an alleged oral promise on the part of the developer not to rent to a business selling alcoholic beverages in it's shopping center. The court found that the oral promise was strictly barred by the Delaware Statute of Frauds. The case is analogous to plaintiff's claim that there was an oral promise on the part of these defendants not to rent to Tax Authority without an agreement between Tax Authority and PTS in place. There was nothing reduced to writing in any form regarding this alleged oral promise.

Furthermore, there was no consideration even accepting the plaintiff's version of the facts as correct. PTS did not give up anything in terms of the negotiations between these defendants and Tax Authority and Leese. If the negotiations, as they did, between PTS, Tax Authority and Leese were to fail, then these defendants would receive absolutely nothing through the alleged oral promise. In fact, they would have to expend time and energy for something that may never evolve. In no sense is this bargained for exchange. PTS is asking the court to find a contract

where it held all the cards and frankly held these defendants at it's mercy. That is not a contract between entities.

    **B.**    **PTS' tort claims relating to the lease are barred by the economic loss doctrine (Counts II, III, VI, VII and VIII).**

These defendants rely on the arguments and case law asserted by the defendants Tax Authority and Leese in their motion to dismiss as to the lack of validity of the economic loss doctrine in the above counts.

    **C.**    **PTS has failed to state a claim for tortious interference with prospective economic advantage (Count II).**

These defendants rely on Tax Authority and Leese's argument and case law supporting the lack of validity of this claim. Furthermore, as stated by Tax Authority and Leese in regards to themselves, these defendants had no obligation to insure PTS' negotiating strength. Piane is in the business of renting office space in his building.

    **D.**    **PTS has failed to state a claim for tortuous interference since there was no contract ever made and the Piane defendants could not intentionally interfere with a non-existing contract (Count III).**

In Irwin & Leighton, Inc. v. W.M. Anderson Co., 532 A. 2d 983, (Del. Ch. 1987), at 992, the court set down these specifics to be able to prevail on a claim for interference of contract. "[t]here must be (1) a contract, (2) about which defendant knew and (3) an intentional act that is a significant factor in causing the reach of such contract (4) without justification (5) which causes injury."

As it has been stated throughout this brief and the brief of Tax Authority and Leese there simply was no contract. In fact, the plaintiff was the one that terminated discussions between Tax Authority and itself for the contract to acquire the business. It is inexplicable that the Piane defendants can interfere with something that does not exist. It is axiomatic that there must be a contract to argue tortuous interference with same. Lipson v. Anesthesia Services, P.A., 792 A. 2d 1261, 1284 (Del. Super 2001).

    **E.**    **PTS' claims for unfair trade practices and civil conspiracy are barred by Delaware's Uniform Trade Secrets Act (Counts IV and VI).**

4

These defendants rely on the arguments and case law propounded by Tax Authority and Leese in their motion to dismiss in Counts IV and VI for failure to state a claim for relief upon which can be granted and should be dismissed. Furthermore, it is an absurdity to believe that these defendants in any way misappropriated PTS' "confidential, propriety and trade secret information to unfairly compete with [PTS]." [Complaint Section 78.] Again, Piane is in the business of leasing real estate. Piane, Jr. has no connection with the tax business and the catering business is as it sounds, a catering business.

    **F.**    **PTS has failed to state for misappropriation of trade secrets (Count V).**

These defendants rely on the arguments and case law propounded by Tax Authority and Leese that Count V of the complaint is without merit and fails to state a claim upon which relief can be granted.

These defendants were not involved in any trading of proprietary confidential information. They were no way involved in the tax service business and do not compete with the plaintiff.

    **G.**    **PTS has failed to state a claim for civil conspiracy (Count VI).**

These defendants rely on the arguments and case law propounded by Tax Authority and Leese that Count VI of the complaint is without merit and fails to state a claim upon which relief can be granted. It boggles the imagination that these defendants can be included in this count along with several of the above counts since they in no way compete with Tax Authority.

    **H.**    **PTS has failed to state a claim for bad faith (Count VIII).**

These defendants rely on Tax Authority and Leese's arguments and case law supporting the lack of a claim for bad faith as alleged by the plaintiff in Count VIII. The plaintiff simply has no grounds for bad faith under the set of facts asserted by the plaintiff.

## CONCLUSION

For the reasons set forth above, the defendants Robert Piane, Robert Piane, Jr. and Piane Caterers, Inc. request that this court dismiss the verified complaint in its entirety, with prejudice.

                                                Michael J. Hood (No. 2080)
MICHAEL J. HOOD, LLC
1701 Shallcross Ave. Ste. C
P. O. Box 1471
Wilmington, DE 19899
(302)777-1000
(302)777-1098 (Fax)

Attorney for Defendants,
Robert Piane, Robert Piane, Jr.,
and Piane Caterers, Inc.

Dated: January 5, 2006

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

PREFERRED TAX SERVICE, INC.,          :
                                      :    Civil Action No.
    Plaintiff,                        :    1:05-CV-00872-SLR
                                      :
                                      :
v.                                    :
                                      :
ROBERT PIANE et al.,                  :
                                      :
    Defendants.                       :

## ORDER

AND NOW, this ____ day of _____, 2006, upon consideration of the Motion to Dismiss Plaintiff's Verified Complaint of Defendants, Robert Piane, Robert Piane, Jr. and Piane Caterers, Inc., the plaintiff's response thereto, and the supporting Memoranda of Law, it is ORDERED that plaintiff's Verified Complaint is dismissed with prejudice in its entirety.

BY THE COURT:

_____
Honorable Sue L. Robinson, U.S.D.J.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

PREFERRED TAX SERVICE, INC., :
: Civil Action No.
Plaintiff, : 1:05-CV-00872-SLR
:
:
v. :
:
ROBERT PIANE et al., :
:
Defendants. :

### MOTION TO DISMISS PLAINTIFF'S VERIFIED COMPLAINT OF DEFENDANTS, ROBERT PIANE, ROBERT PIANE, JR., AND PIANE CATERERS, INC.

For the reasons set forth in the attached memorandum of law, which is incorporated by reference, defendants, Robert Piane, Robert Piane, Jr., and Piane Caterers, Inc. request that the court dismiss plaintiff's Verified Complaint in its entirety with prejudice.

_____
Michael J. Hood (No. 2080)
MICHAEL J. HOOD, LLC
1701 Shallcross Ave. Ste. C
P. O. Box 1471
Wilmington, DE 19899
(302)777-1000
(302)777-1098 (Fax)

Attorney for Defendants,
Robert Piane, Robert Piane, Jr.,
and Piane Caterers, Inc.

Dated: January 9, 2006

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

PREFERRED TAX SERVICE, INC.,                :
                                            :   Civil Action No.
         Plaintiff,                         :   1:05-CV-00872-SLR
                                            :
                                            :
                                            :
v.                                          :
                                            :
ROBERT PIANE et al.,                        :
                                            :
         Defendants.                        :

**CERTIFICATE OF SEVICE**

      I hereby certify that on January 9, 2006, I electronically filed the Motion to Dismiss Plaintiff's Verified Complaint to defendants, Robert Piane, Robert Piane, Jr. and Piane Caterers, Inc. with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

| | | |
|---|---|---|
| Howard A. Rosenthal | Erin E. Edwards | J. R. Julian |
| Patrick J. Doran | YOUNG, CONAWAY, | J. R. JULIAN, P.A. |
| Kevin J. Rackowski | STARGATT & TAYLOR | 824 Market Street |
| PELINO & LENTZ, P.C. | The Brandywine Building | Suite 1001 |
| One Liberty Place | 1000 West Street, 17th Floor | P. O. Box 2171 |
| 1650 Market Street | P. O. Box 391 | Wilmington, DE 19899 |
| Thirty-Second Floor | Wilmington, DE 19899-0391 | |
| Philadelphia, PA 19103-7393 | | |

 

_____
Michael J. Hood (No. 2080)
MICHAEL J. HOOD, LLC
1701 Shallcross Ave. Ste. C
P. O. Box 1471
Wilmington, DE 19899
(302)777-1000
(302)777-1098 (Fax)

Attorney for Defendants,
Robert Piane, Robert Piane, Jr.,