IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

PREFERRED TAX SERVICE, INC., :
: Civil Action No.
Plaintiff, : 1:05-CV-00872-SLR
:
:
v. :
:
ROBERT PIANE et al., :
:
Defendants. :

**BRIEF IN OPPOSITTION TO PLANTIFF'S MOTTION
FOR TEMPORARY RESTRAINING ORDER OF DEFENDANTS,
ROBERT PIANE, ROBERT PIANE, JR. AND PIANE CATERERS, INC.**

Michael J. Hood (No. 2080)
MICHAEL J. HOOD, LLC
1701 Shallcross Ave. Ste. C
P. O. Box 1471
Wilmington, DE 19899
(302)777-1000
(302)777-1098 (Fax)

Attorney for Defendants,
Robert Piane, Robert Piane, Jr.,
and Piane Caterers, Inc.

Dated: January 9, 2006

ii

## TABLE OF CONTENTS

NATURE AND STAGE OF PROCEEDINGS............................................................1

SUMMARY OF ARGUMENT....................................................................................1, 2

RELEVANT FACTUAL BACKGROUND...................................................................2

ARGUMENT..................................................................................................................3

CONCLUSION..............................................................................................................4

## NATURE AND STAGE OF PROCEEDINGS

In the case at bar, plaintiff, Preferred Tax Service, Inc.("PTS"), alleges that the defendants, Robert Piane ("Piane"), Robert Piane, Jr. (Piane, Jr.) and Piane Caterers, Inc. ("Caterers") breached an oral agreement between themselves and PTS to not rent space at the building owned by Piane to The Tax Authority, Inc. ("Tax Authority") and Kenneth M. Leese ("Leese") until such time as a deal had been negotiated between PTS and Tax Authority and Leese regarding acquisition of PTS' business by Tax Authority and Leese. PTS also alleges that these defendants misappropriated confidential information of PTS.

As with Piane, Piane, Jr. and Caterers motion to dismiss the complaint, these defendants will rely heavily and join Tax Authority and Leese's brief for their motion to oppose PTS' request for a temporary restraining order. These defendants will specifically delineate when they do join and rely on Tax Authority and Leese's, brief. Those defendants have set down accurately what PTS is alleging and the case law that supports both Tax Authority, Leese and these defendants position that PTS is not entitled to a temporary restraining order. As with the motion to dismiss filed by these defendants, they will specifically state their position when it diverges from that of Tax Authority and Leese and also when the facts alleged are specific to these defendants.

These defendants rely and agree with Tax Authority and Leese's statements in paragraph 2 through 4 in their nature and stage of proceedings in that they have accurately set out what PTS has alleged and where this case stands at this point in time.

Piane, Piane, Jr. and Caterers file this motion supported by the affidavit of Robert Piane, Jr. in opposition to PTS' motion for a temporary restraining order ("Piane, Jr., Aff."), a copy of which is included in the appendix to this brief.

## SUMMARY OF ARGUMENT

These defendants rely and join Tax Authority and Leese's summary of argument stated in their brief in opposition to PTS' motion for a temporary restraining order. Both Tax Authority and Leese have accurately set down the lack of subject matter jurisdiction, diversity, and the failure the state law claims as alleged by PTS. Furthermore, as can be seen by the Piane, Jr., Aff. and these defendants statement of the facts, no agreement was ever made between these defendants and PTS not to lease the property until an agreement had been reached between the

other defendants and PTS. Furthermore, these defendants certainly have not misappropriated any confidential information of PTS.

## RELEVANT FACUTAL BACKGROUND

Piane is the owner of a property located at 2132 N. Market Street, Wilmington, DE 19802 [Piane, Jr., Aff. ¶ 1]. Sometime in June of 2005, Piane, Jr. was contacted by the owner of PTS, Ed Swan ("Swan"), who was a long time friend, and was told that PTS was in process of selling his business and the entity acquiring the business needed additional space and would be contacting Piane, Jr. in the near future regarding space at his father's building. Piane, Jr. was handling a lot of the business for his father in that his father was ill during most of the time which is pertinent to this case. [Id., ¶ 2, 3.] At no time during that conversation or any other time did these defendants agree with PTS that they would not lease the space until a contract was completed between PTS and the entity attempting to acquire PTS [Id., ¶ 4.]

Some time in July of 2005, Piane, Jr. was contacted by Leese stating he was opening a tax preparation business and he was given Piane, Jr.'s name and he may be willing to lease space in the building [Id., ¶ 5.] They negotiated over the course of the next several weeks to lease part of the building. The lease was finally signed on August 8, 2005 between Piane and Leese for The Tax Authority, Inc. for space in Piane's building. [Id., ¶ 5,7.] At no time did Swan have any contact regarding how the negotiations for the lease were occurring from the time Piane, Jr. met Mr. Leese until the execution of the lease. Furthermore, as part of the deal between Piane and Tax Authority, renovations needed to be completed to make the space suitable. Tax Authority prepaid $14,100.00, which was the first year rent, to finance renovations to the property. These renovations had begun well before the execution of the lease on August 8, 2005. These renovations involve moving thing in and out of the building and it could easily have been seen by Swan, whose business is located across the street. [Id., ¶ 6, 8.]

At not time were the Pianes ever apprised of the specific status of negotiations between PTS and Tax Authority. [Id., ¶ 10.]

Some time in the beginning of October 2005, Piane, Jr. met with Swan and Mr. Harmon ("Harmon") who was an advisor to Swan. Piane, Jr. was informed that the negotiations had terminated between PTS and Tax Authority. As a result they did not want someone operating a tax service business across the street. Piane, Jr. was given a letter dictated by Harmon to send to

2

Tax Authority to attempt to get Tax Authority to void the lease. Piane, Jr., since Swan was a life long friend, agreed to send the letter and did send the letter except for some very minor alterations [Id., ¶ 11.]

Shortly thereafter Tax Authority came back with a letter stating that they would void the lease if the $14,100.00 would be returned. Piane, Jr. explained that to Swan and he stated that he would <u>lend</u> the money to Piane to payback the money to Tax Authority. Piane, Jr. and Piane spoke about the matter and informed Swan that since they had not done anything wrong they were not going to spend $14,100.00 out of their pocket. At that point the life long relationship between Swan and the Pianes ended and Piane, Jr. sent a letter to both PTS and Tax Authority explaining his position on the matter.

## ARGUMENT

These defendants rely and join Tax Authority and Leese's argument in their motion in opposition for a temporary restraining order. These defendants believe that Tax Authority and Leese have accurately set down the case law for a grant of a temporary restraining order and PTS has failed in every respect for the court to be able to grant said relief.

## CONCLUSION

For the above reasons, these defendants request that PTS' motion for temporary restraining of defendants, Robert Piane, Robert Piane, Jr. and Piane Caterers, Inc. order be denied.

_____
Michael J. Hood (No. 2080)
MICHAEL J. HOOD, LLC
1701 Shallcross Ave. Ste. C
P. O. Box 1471
Wilmington, DE 19899
(302)777-1000
(302)777-1098 (Fax)

Attorney for Defendants,
Robert Piane, Robert Piane, Jr.,

4

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

PREFERRED TAX SERVICE, INC.,          :
                                      :     Civil Action No.
        Plaintiff,                    :     1:05-CV-00872-SLR
                                      :
                                      :
    v.                                :
                                      :
ROBERT PIANE et al.,                  :
                                      :
        Defendants.                   :

## ORDER

AND NOW, this ____ day of _____, 2006, upon consideration of the Motion to Oppose Plaintiff's Temporary Restraining Order of Defendants, Robert Piane, Robert Piane, Jr. and Piane Caterers, Inc., the plaintiff's response thereto, and the supporting Memoranda of Law, it is ORDERED that plaintiff's Temporary Restraining Order is denied.


                                BY THE COURT:



                                _____
                                Honorable Sue L. Robinson, U.S.D.J.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

PREFERRED TAX SERVICE, INC., :
: Civil Action No.
Plaintiff, : 1:05-CV-00872-SLR
:
:
v. :
:
ROBERT PIANE et al., :
:
Defendants. :

**CERTIFICATE OF SEVICE**

    I hereby certify that on January 9, 2006, I electronically filed the Motion to Dismiss Plaintiff's Temporary Restraining Order of defendants, Robert Piane, Robert Piane, Jr. and Piane Caterers, Inc. with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

| | | |
|---|---|---|
| Howard A. Rosenthal | Erin E. Edwards | J. R. Julian |
| Patrick J. Doran | YOUNG, CONAWAY, | J. R. JULIAN, P.A. |
| Kevin J. Rackowski | STARGATT & TAYLOR | 824 Market Street |
| PELINO & LENTZ, P.C. | The Brandywine Building | Suite 1001 |
| One Liberty Place | 1000 West Street, 17th Floor | P. O. Box 2171 |
| 1650 Market Street | P. O. Box 391 | Wilmington, DE 19899 |
| Thirty-Second Floor | Wilmington, DE 19899-0391 | |
| Philadelphia, PA 19103-7393 | | |

                                                            /s/ Michael J. Hood
Michael J. Hood (No. 2080)
MICHAEL J. HOOD, LLC
1701 Shallcross Ave. Ste. C
P. O. Box 1471
Wilmington, DE 19899
(302)777-1000
(302)777-1098 (Fax)

Attorney for Defendants,
Robert Piane, Robert Piane, Jr.,