IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

PREFERRED TAX SERVICE, INC.,          :
                                      :          Civil Action No.
            Plaintiff,                :          1:05-CV-00872-SLR
                                      :
                                      :
                                      :
      v.                              :
                                      :
ROBERT PIANE et al.,                  :
                                      :
            Defendants.               :

**APPENDIX TO BRIEF IN OPPOSITION TO
PLAINTIFF'S MOTION FOR TEMPORARY
RESTRANING ORDER OF DEFENDANTS, ROBER PIANE,
ROBERT PIANE, JR. AND PIANE CATERERS, INC.**

Michael J. Hood (No. 2080)
MICHAEL J. HOOD, LLC
1701 Shallcross Ave. Ste. C
P. O. Box 1471
Wilmington, DE 19899
(302)777-1000
(302)777-1098 (Fax)

Attorney for Defendants,
Robert Piane, Robert Piane, Jr.,
and Piane Caterers, Inc.

Dated: January 9, 2006

## TABLE OF CONTENTS

AFFIDAVIT OF ROBERT PIANE JR. ................................................................1 - 3

ii

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

PREFERRED TAX SERVICE, INC.,　　　　:

　　　　　　　　　　　　　　　　　:　　　Civil Action No.
　　　　Plaintiff,　　　　　　　　:　　　1:05-CV-00872-SLR

　　　　　　　　　　　　　　　　　:

　　　　　　　　　　　　　　　　　:

　v.　　　　　　　　　　　　　　　:

　　　　　　　　　　　　　　　　　:

ROBERT PIANE et al.,　　　　　　　:

　　　　　　　　　　　　　　　　　:

　　　　Defendants.　　　　　　　　:

## AFFIDAVIT

I, ROBERT PIANE, Jr. being sworn, does depose and say that:

1.　　　Robert Piane is the owner of the property in which The Tax Authority, Inc. rented space as of August 8, 2005. The address of the building is 2132 North Market Street, Wilmington, DE 19802.

2.　　　I am the son of Robert Piane and handled most of the negotiations regarding the lease between The Tax Authority, Inc. and Robert Piane I have no interest in the building, but my father was ill during most of that period of time and I took over to help him out in terms of leasing of the space.

3.　　　Some time in June of 2005 I was contacted by Ed Swan, a long time friend, that he was in the process of selling his tax business and the entity acquiring the business would need additional space. He explained to me that the person would be contacting me regarding renting space in my father's building.

4.　　　At no time did we have an oral agreement that the space would not be leased until a contract was in place between Preferred Tax Service, Inc. and The Tax Authority, Inc.

5.　　　Some time in July of 2005 I was contacted by Kenneth M. Leese who stated that he was the owner of a business and was interested in leasing space from our building. Over the course of the next month we negotiated the lease for part of the first floor of my father's building.

A1

6.    At no time during the course of the negotiations did Ed Swan of Preferred Tax Service, Inc. contact me in any way or have any communication regarding how the lease was transpiring.

7.    The lease was signed on August 8, 2005 between my father and The Tax Authority, Inc. for the lease of the space at my father's building on Market Street.

8.    During the negotiations with The Tax Authority, Inc. it was apparent that work needed to be done on this space to make it suitable for The Tax Authority's needs. Work was being done on the leased space approximately three weeks before the August 8, 2005 execution of the lease. That involved moving things in and out of the building. It was obvious that construction was going on at that location. Mr. Swan's place of business is directly across the street from my father's building. At no time did Mr. Swan of Preferred Tax Services, Inc. ever question what was occurring in terms of the renovation to the building.

9.    As part of the August 8, 2005 rental agreement which was for a five year period of time, The Tax Authority, Inc. prepaid the first years rent in the amount of $14,100.00 to help finance the improvements to the property.

10.    On or about August 20, 2005 I informed Mr. Swan that the lease had been executed. From the time I met Mr. Leese until Mr. Swan stopped negotiations on the contract between he and The Tax Authority, Inc on September 30, 2005 neither I or my father were ever apprised of specific negotiations between those two.

11.    Some time in the beginning of October of 2005 I met with Mr. Swan and Mr. Harmon who was an advisor to Mr. Swan. I became aware that Mr. Swan had terminated the deal. I was given a letter dictated by Mr. Harmon for me to send to The Tax Authority, Inc. which is included in plaintiff's complaint as "Exhibit H". Since Mr. Swan was a lifelong friend, I used the letter except for some minor variations and sent it on to Mr. Leese for the purpose of helping out Mr. Swan. Shortly thereafter, I received a letter back from Mr. Leese regarding my letter stating that he would void the lease if I would return the $14,100.00 by Monday October 24, 2005.

12.    I presented the letter to Mr. Swan and stated that if he would pay the $14,100.00 then The Tax Authority, Inc. would vacate the premises. Mr. Swan indicated to me that he would loan my father $14,100.00 and that he could repay upon the next time he leased the property to a tenant. I talked to my father and then responded back to Mr. Swan that it was not our mistake

A2

own pocket. At that point Mr. Swan became extremely irate. A copy of a letter I sent to Mr. Sawn and Mr. Leese explaining our position in included in Preferred Tax Services, Inc.'s complaint as "Exhibit L"

_____
ROBERT PIANE

Sworn to and Subscribed before me, a Notary Public for the State of Delaware, on this 9 day of January , 2006.

_____
NOTARY PUBLIC

MICHAEL J. HOOD
ATTORNEY AT LAW

Admitted by the Supreme Court of Delaware to practice law in Delaware and authorized to perform notarial acts pursuant to Title 29, Delaware Code, Chapter 43.

A3