# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF DELAWARE

PREFERRED TAX SERVICE, INC., :
a Delaware corporation,                    :
                              :    C.A. No.: **1:05-cv-872(SLR)**
           Plaintiff,            :
                              :
v.                                            :
                              :
THE TAX AUTHORITY, INC.,          :    **JURY TRIAL DEMANDED**
a New Jersey corporation, et al.,       :
                              :
          Defendants.            :

## <u>PLAINTIFF'S ANSWERING BRIEF<br>IN SUPPORT OF PLAINTIFF'S MOTION FOR A<br>TEMPORARY RESTRAINING ORDER</u>

J. R. Julian
J. R. JULIAN, P.A.
824 Market Street, Suite 1001
P. O. Box 2171
Wilmington, DE 19899-2171
(302) 658-6700
Attorneys for Preferred Tax
Service, Inc.

Dated: January 19, 2006

## TABLE OF CONTENTS

TABLE OF AUTHORITIES......................................................................iii

NATURE AND STAGE OF THE PROCEEDINGS.....................................1

SUMMARY OF ARGUMENT....................................................................3

STATEMENT OF FACTS ..........................................................................4

ARGUMENT

A. Standard of Review ...............................................................................5

B. Arguments .............................................................................................5

I. PREFERRED TAX IS LIKELY TO SUCCEED ON THE
MERITS......................................................................................................5

II. PREFERRED TAX IS BEING IRREPARABLY
HARMED AND WILL BE HARMED IRREPARABLY
FURTHER BY THE DEFENDANTS.........................................................12

III. THE DEFENDANTS WILL NOT SUFFER AND
IRREPARABLE HARM FROM A TEMPORARY
RESTRAINING ORDER............................................................................13

IV. THERE IS NO EVIDENCE THAT ANY PUBLIC
INTEREST WILL BE AFFECTED BY A TEMPORARY
RESTRAINING ORDER AGAINST THE DEFENDANTS.......................13

CONCLUSION............................................................................................14

# TABLE OF AUTHORITIES

<u>CASE LAW</u>

<u>Brophy v. Cities Service Co.</u>, 31 Del. Ch. 241 (Del. Ch. 1949)........................ 11

<u>Capital Management Company v. Brown</u>, 813 A.2d 1094 (Del. 2002)........... 7

<u>Cheeseman v. Grover</u>, 490 A.2d 175 (Del. Super. 1984)................................. 7

<u>Creditors' Committee of Essex Builders, Inc. v. Farmers Bank</u>,
251 A.2d 546 (Del. 1969) .................................................................................. 6

<u>E. I. Du Pont de Nemours Powder Company v. Masland</u>,
244 U.S. 100, 37 S.Ct. 575, 61 L.Ed. 1016 ...................................................... 11

<u>Essex Trust Company v. Enwright</u>, 214 Mass. 507, 102 N.E. 441,
47 L.R.A., N.S., 567.......................................................................................... 11

<u>Gaither v. Simpson</u>, 2001 Del. Ch. LEXIS 76 (Del. Ch. 2001) ...................... 6

<u>Irving Trust Co. v. Deutsch</u>, 2 Cir., 73 F.2d 121, certiorari denied,
<u>Biddle v. Irving Trust Co.</u>, 294 U.S. 708, 55 S.Ct. 405, 79 L.Ed. 1243........... 11

<u>Parfi Holding AB v. Mirror Image Internet, Inc.</u>, 794 A.2d 1211
(Del. Ch. 2001) rev'd on other grounds, 817 A.2d 149
(Del. Supr. 2002)................................................................................................ 6

<u>Smith v. Dravo Corp.</u>, 203 F.2d 369 (7th Cir. 1953)....................................... 10

<u>U.S. v Green</u>, 201 F.2d 251 (3d Cir. 2000)....................................................... 9

<u>RULES</u>

Federal Rule of Civil Procedure 9(b)................................................................ 11

## OTHER AUTHORITIES

17A Am. Jur. 2d. § 12 (1991) ............................................................................ 6

Restatement, Restitution, § 200 ......................................................................... 11

Scott on Trusts, § 505.1 .................................................................................... 11

## NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff, Preferred Tax Service, Inc. ("Preferred Tax"), filed a Verified Complaint in this Court on December 16, 2005 alleging breach of agreement, tortious interference with prospective economic advantage, tort, intentional tort, tortious interference with contract, unfair trade practices, misappropriation of trade secrets, civil conspiracy, common law fraud, mail fraud, wire fraud, racketeering and bad faith against defendants The Tax Authority, Inc., ("Tax Authority") et al. This Court has jurisdiction pursuant to 28 U.S.C. Sec. 1331. Simultaneously with the filing of the Verified Complaint, Preferred Tax filed a motion for a temporary restraining order.

On December 30, 2005, Defendants, The Tax Authority, Inc. and Kenneth M. Leese (the "Leese Defendants"), filed a Motion to Dismiss the Verified Complaint in its entirety for failure to state any claim upon which relief can be granted and filed their brief in support of their Motion to Dismiss. On January 5, 2006, the Leese Defendants filed an amended brief in support of their Motion to Dismiss. On January 9, 2006, Defendants Robert Piane, Robert Piane, Jr. and Piane Caterers filed a Motion to Dismiss the Verified Complaint in its entirety. On January 19, 2006, Preferred Tax filed its answering brief against all Defendants' Motions to Dismiss.

1

On January 5, 2006, the Leese Defendants filed a brief in opposition to Plaintiff's Motion to for a Temporary Restraining Order. On January 9, 2006, the Piane Defendants filed a brief in opposition to Plaintiff's Motion for a Temporary Restraining Order. This is Preferred Tax's answering brief in support of its Motion for a Temporary Restraining Order.

## **SUMMARY OF ARGUMENT**

Preferred Tax is likely to succeed on the merits based upon the facts that Defendants have admitted.  Preferred Tax is suffering immediate irreparable harm. Defendants have waived any claim to irreparable harm and have waived any claim to an adverse impact on public interest.

## **STATEMENT OF FACTS**

Preferred Tax incorporates by reference the Statement of Facts set forth in Plaintiff's Answering Brief in Opposition to Defendants' Motion to Dismiss, which is incorporated herein by reference.

## ARGUMENTS

### A.  Standard of Review

The standard of review for granting a motion for injunctive relief is an extraordinary remedy which should be granted in a limited number of circumstances.  The Court must consider: 1.) the likelihood of success on the merits; 2.) the extent to which the plaintiff is being irreparably harmed by the conduct complained of; 3.) the extent to which the defendant will suffer irreparable harm if the requested relief is granted; and 4.) the public interest.  An injunction should only issue if all four factors favor injunctive relief.

For the following reasons, all four factors favor injunctive relief.  Thus, this Court should grant a Temporary Restraining Order.

### B.  Arguments

### I. PREFERRED TAX IS LIKELY TO SUCCEED ON THE MERITS.

A.  Breach of Agreement.

The agreements alleged by Preferred Tax are supported by consideration and are not barred by the Statute of Frauds for the reasons set forth in Plaintiff's

Answering Brief in Opposition to Defendants' Motion to Dismiss, which is incorporated herein by reference.

Moreover, even if this Court finds that there were no express agreements among the defendants and Preferred Tax, this Court is likely to find implied agreements. This Court is likely to find that the defendants impermissibly used Preferred Tax's trade secrets to double cross Preferred Tax and enter into their own separate agreement to take Preferred Tax's business without paying for it. The defendants, Leese and Tax Authority, admit that Leese was given Piane's contact information and the customer list in the context of the Negotiations and that Piane was given Leese's name in the context of the Negotiations.

"[A]n implied contract is one inferred from the conduct of the parties, though not expressed in words." 17A Am. Jur. 2d. § 12 (1991). See also, Parfi Holding AB v. Mirror Image Internet, Inc., 794 A.2d 1211, 1238 (Del. Ch. 2001) rev'd on other grounds, 817 A.2d 149, 2002 WL 31477125 (Del. Supr. 2002); Creditors' Committee of Essex Builders, Inc. v. Farmers Bank, 251 A.2d 546, 548 (Del. 1969).

In the absence of an express oral contract, one may be entitled to a quantum meruit recovery [the reasonable value of the services furnished to another person, provided that those services were not gratuitous] of compensation based on an implied contract. Gaither v. Simpson, 2001 Del. Ch. LEXIS 76, 4-5 (Del. Ch.

6

Case 1:05-cv-00872-SLR    Document 23    Filed 01/19/2006    Page 11 of 19

2001), citing Cheeseman v. Grover, 490 A.2d 175, 177 (Del. Super. 1984). Ordinarily, where services are rendered and voluntarily accepted, a promise to pay for the services will be implied. Id.

On the facts of this case, the jury is likely to find that Leese, Tax Authority and Piane knew that Swan intended and expected that the contact information would not be used to form or help to form a competing tax preparation business right across the street from Preferred Tax's office. The alternate conclusion, that Swan gave up the contact information because he desired or was indifferent to Tax Authority's competition across the street, is not plausible. In accepting the contact information from Swan (which was full performance by Swan), Leese, Tax Authority and Piane implicitly accepted Swan's intention and expectation. This rationale was set forth by the Delaware Supreme Court in Capital Management Company v. Brown, 813 A.2d 1094 (Del. 2002) ("A rational jury could easily conclude that [the person resisting the implied contract] knew [the person asserting the implied contract] intended and expected that [the person resisting the implied contract] would maintain the exterior features of the property according to Code").

B.  The Economic Loss Doctrine Does Not Apply To This Case.

This Court should find that the "economic loss" doctrine does not apply here as a matter of law for the reasons set forth in Plaintiff's Answering Brief in Opposition to Defendants' Motion to Dismiss, which is incorporated herein by reference.

C. Interference with Prospective Economic Advantage.

This Court is likely to find that the defendants have no privilege to compete under the circumstances of this case for the reasons set forth in Plaintiff's Answering Brief in Opposition to Defendants' Motion to Dismiss, which is incorporated herein by reference.

As set forth above, even if this Court finds that there were no express agreements among the defendants and Preferred Tax, this Court likely will find implied agreements that restrict the defendants from using Preferred Tax's trade secrets in a manner harmful to the obvious interests of Preferred Tax and likely will find that the defendants knew or should have known about each other's express or implied agreements.

D. Interference with Contract.

This Court is likely to find that the defendants' argument that they cannot interfere with their own contract has no application to this case for the reasons set

forth in Plaintiff's Answering Brief in Opposition to Defendants' Motion to Dismiss, which is incorporated herein by reference.

As set forth above, even if this Court finds that there were no express agreements among the defendants and Preferred Tax, this Court likely will find implied agreements. This Court also likely will find that the defendants all knew or should have known that the other defendants had express or implied agreements not to use the contact information to form or help to form a competing tax preparation business right across the street from Preferred Tax's office.

E. Unfair Trade Practices and Civil Conspiracy.

Preferred Tax should succeed on its claims of unfair trade practices and civil conspiracy as a matter of law for the reasons set forth in Plaintiff's Answering Brief in Opposition to Defendants' Motion to Dismiss, which is incorporated herein by reference.

Even if this Court does not make a specific finding that the defendants committed fraudulent acts, this Court is likely to find that under the totality of circumstances Defendants actions amount to unfair trade practices and civil conspiracy. See U.S. v Green, 201 F.2d 251 (3d Cir. 2000) (Since fraud and other wrongful conduct is usually denied and since specific intent is difficult to prove, a

court may take a totality of the circumstances approach and infer wrongful conduct from all of the facts and circumstances).

F.  Misappropriation of Trade Secrets.

Preferred Tax is likely to succeed on its claim of misappropriation of trade secrets as a matter of law for the reasons set forth in Plaintiff's Answering Brief in Opposition to Defendants' Motion to Dismiss, which is incorporated herein by reference. As set forth above, even if this Court finds that there were no express confidentiality agreements among Defendants and Plaintiff, this Court should find implied agreements.

Moreover, even if this Court does not find express confidentiality agreements, this Court is likely to find implied confidentiality agreements, for the reasons stated above. In addition, this Court is likely to find an implied fiduciary duty of confidentiality and restricted use. "The Supreme Court of Pennsylvania painted, in broad strokes, the general picture of a claim for breach of confidence, holding the essential elements to be: (1) existence of a trade secret, (2) communicated to the defendant (3) while he is in a position of trust and confidence and (4) use by the defendant to the injury of the plaintiff." Smith v. Dravo Corp., 203 F.2d 369, 373 (7th Cir. 1953). Even when a party is normally not in a position of confidentiality, the receipt of confidential information compels

10

him to assume a position of fiduciary trust and confidence. "A mere employee, not

an agent with respect to the matter under consideration, does not ordinarily occupy

a position of trust and confidence toward his employer." <u>Brophy v. Cities Service

Co., 31 Del. Ch. 241, 244 (Del. Ch. 1949)</u>, <u>citing</u> <u>Irving Trust Co. v. Deutsch</u>, 2

Cir., 73 F.2d 121, certiorari denied, <u>Biddle v. Irving Trust Co.</u>, 294 U.S. 708, 55

S.Ct. 405, 79 L.Ed. 1243.  "But if an employee in the course of his employment

acquires secret information relating to his employer's business, he occupies a

position of trust and confidence toward it, analogous in most respects to that of a

fiduciary, and must govern his actions accordingly." <u>Id.</u>, <u>citing</u> <u>E. I. Du Pont de

Nemours Powder Company v. Masland</u>, 244 U.S. 100, 101, 37 S.Ct. 575, 61 L.Ed.

1016; <u>Essex Trust Company v. Enwright</u>, 214 Mass. 507, 102 N.E. 441, 47 L.R.A.,

N.S., 567; Scott on Trusts, § 505.1; Restatement, Restitution, § 200.

G.  <u>Fraud and RICO Claims</u>.

Plaintiff's fraud and RICO claims are likely to succeed for the reasons set

forth in Plaintiff's Answering Brief in Opposition to Defendants' Motion to

Dismiss, which is incorporated herein by reference.

The defendants advance no legal objection to the common law fraud, mail

fraud and wire fraud claims other than to challenge the sufficiency of Preferred

Tax's pleadings pursuant to Federal Rule of Civil Procedure 9(b). Therefore, this

11

Court should rule that Defendants have waived any defense that they had no duty to disclose 1) their negotiations to make the Lease, 2) the existence of the Lease, 3) The Tax Authority's prepayment of the first year rent, 4) Piane's agreement to make renovations while the Negotiations were ongoing and 5) Piane's spending of the entire prepayment. This Court likely will find that these are all material facts that Defendants had a duty to disclose under the circumstances.

H. Bad Faith.

Plaintiff's bad faith claim is likely to succeed for the reasons set forth in Plaintiff's Answering Brief in Opposition to Defendants' Motion to Dismiss, which is incorporated herein by reference.

## II. PREFERRED TAX IS BEING IRREPARABLY HARMED AND WILL BE HARMED IRREPARABLY FURTHER BY THE DEFENDANTS.

Preferred Tax has been irreparably harmed by the misuse of the Piane/Leese trade secret information, which has resulted in the presence of a competing tax preparation business right across the street from Preferred Tax's office that has the Preferred Tax customer list, pricing strategy, operational information and other secret business information. The damage to Preferred Tax's business will be difficult to ascertain and, therefore, irreparable. Since the 2006 tax season has already begun, the irreparable damage is already occurring and further irreparable damage will occur.

## III. THE DEFENDANTS WILL NOT SUFFER AND IRREPARABLE HARM FROM A TEMPORARY RESTRAINING ORDER.

The defendants have not alleged that they will sustain any irreparable harm and, therefore, have waived this defense.

## IV. THERE IS NO EVIDENCE THAT ANY PUBLIC INTEREST WILL BE AFFECTED BY A TEMPORARY RESTRAINING ORDER AGAINST THE DEFENDANTS.

There is no evidence that the public interest will be affected by a Temporary Restraining Order against Defendants. Therefore, Defendants have waived any defense that a Temporary Restraining Order against them will have any adverse public interest impact.

## <u>CONCLUSION</u>

For the foregoing reasons, plaintiff, Preferred Tax Service, Inc., respectfully requests that this court grant Plaintiff's Motion for a Temporary Restraining Order.

J/R/Julian No. 488
J. R. JULIAN, P.A.
824 North Market Street
Suite 1001
P.O. Box 2171
Wilmington, DE 19899-2171
(302) 658-6700
Attorneys for Plaintiff

14

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2006 I electronically filed Plaintiff's Answering Brief in Support of Plaintiff's Motion for a Temporary Restraining Order with the Clerk of the Court using CM/EMF which will send notification of such filing to the following:

> Erin D. Edwards, Esq.
> Young, Conaway, Stargatt & Taylor, LLP
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, DE 19899-0391

> Michael J. Hood, Esq.
> 1701 Shallcross Avenue
> Suite C-1
> P.O. Box 1471
> Wilmington, DE 19899-1471

BY: _____
J. R. Julian
J. R. JULIAN, P.A.
824 Market Street
Suite 1001
P.O. Box 2171
Wilmington, DE 19899