IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PREFERRED TAX SERVICE, INC., | : | |
| | : | Civil Action No. |
| Plaintiff, | : | 1:05-CV-00872-SLR |
| | : | |
| v. | : | |
| | : | |
| ROBERT PIANE et al., | : | |
| | : | |
| Defendants. | : | |

**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S VERIFIED COMPLAINT OF DEFENDANTS,
ROBERT PIANE, ROBERT PIANE, JR. AND PIANE CATERERS, INC.**

Michael J. Hood (No. 2080)
MICHAEL J. HOOD, LLC
1701 Shallcross Ave. Ste. C
P. O. Box 1471
Wilmington, DE 19899
(302)777-1000
(302)777-1098 (Fax)

Attorney for Defendants,
Robert Piane, Robert Piane, Jr.,
and Piane Caterers, Inc.

Dated: January 25, 2006

# TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................iii

NATURE OF STAGE OF PROCEEDINGS..........................................................1

ARGUMENTS..........................................................................................................2

    A.    Standard of Review...................................................................................2

    B.    Arguments.................................................................................................2

    I.    The plaintiff has failed to invoke federal question jurisdiction in that Preferred Tax Service, Inc. ("PTS") does not allege facts to establish a prima facia case for wire fraud, mail fraud and RICO violations......................2

    II.    PTS has not alleged facts to establish prima facia cases for breach of contract, tortious interference with prospective economic advantage, tortious interference with contract, unfair trade practices, misappropriation of trade secrets, civil conspiracy, and bad faith. ......................................................4

        A.    PTS has not adequately alleged breach of agreement (Count I)......4

        B.    The economic loss doctrine is applicable to this case..................5

        C.    PTS has not adequately alleged tortious interference with prospective economic advantage (Count II)............................6

        D.    PTS had not adequate alleged tortious interference with contract (Count III)....................................................6

        E.    PTS claims of unfair trade practices (Count IV) and civil conspiracy (Count VI) are barred by Delaware's Uniform Trade Secrets Act...................................................7

        F.    PTS has not adequately alleged misappropriation trade secrets certainly as to the Piane Defendants (Count V)................7

        G.    PTS has not adequately alleged civil conspiracy (Count VI).........7

        H.    PTS has not adequately alleged bad faith (Count VIII)...............7

CONCLUSION........................................................................................................9

# TABLE OF AUTHORITIES

**Cases:**

<u>Bell v. Health-More, Inc.</u>, 549 F. 2d. 342, 346 (5th Cir. 1977)..................................................2

<u>Brittingham v. Board of Adjustment of City of Rehoboth Beach</u>, 205 WL 1653979 (Del. Super. 2005)...........................................................................................................7, 8

<u>Connoly v. Labowitz</u>, 519 A. 2d 138, 145 (Del. Super. 1986)..........................................6, 7

<u>Delaware Trust Company v. Robinson</u>, 1993 WL 1303175 (Del. Com. Pl 1993)..................4

<u>Exxon Mobil Corp v. Allapattah Servs.</u>, 125 S. Ct. 2611, 2617 (U.S. 2005).........................2

<u>Fleishman v. Scilley</u>, 2004 U.S. Dist. LEXIS 20066 (E.D. PA September 30, 2004).............2

<u>Jaguar Car, Inc. v. Royal Oaks Motor Car Company, Inc.</u>, 46 F. 3d 258 (3d Cir. 1995)........3

<u>Ryan v. Ohio Edison Company</u>, 611 F. 2d. 1170, 1178, (6th Cir. 1979)................................2

<u>U.S. v. Gordon</u>, 380 F. Supp. 2d 356 (D. Del. 2005)...........................................................3

<u>Waggoner v. Laster</u>, 581 A. 2d 1127 (Del. 1990).................................................................5

<u>Wilson v. American Insurance Company</u>, 209 A. 2d 902, 903-304 (Del. 1968)....................5

<u>Wisdom v. MidWest Bank of Poplar Bluff</u>, 167 F. 3d. 402, 408 (8th Cir. 1999)....................2

**Statues and Rules:**

6 <u>Del</u>. Code § 2714..............................................................................................................5

18 U.S.C. § 1341...................................................................................................................2

18 U.S.C. § 1343...................................................................................................................2

**References:**

Blacks Law Dictionary- 8th Edition.......................................................................................5

## NATURE AND STAGE OF PROCEEDINGS

Defendants Robert Piane ("Piane"), Robert Piane, Jr. ("Piane, Jr."), and Piane Caterers, Inc. ("Caterers"), (collectively "Piane Defendants"), rely on the nature and stage of proceedings in their opening brief except as follows.

On January 19, 2006 the plaintiffs filed their answering brief in opposition to the defendants' motion to dismiss plaintiff's verified complaint in its entirety.

This is Piane Defendants reply brief in support of their motion to dismiss plaintiff's verified complaint in it's entirety.

## SUMMARY OF ARGUMENT

I. **The plaintiff has failed to invoke federal question jurisdiction in that Preferred Tax Service, Inc. ("PTS") does not allege facts to establish a prima facia case for wire fraud, mail fraud and RICO violations.**

II. **PTS has not alleged facts to establish prima facia cases for breach of contract, tortious interference with prospective economic advantage, tortious interference with contract, unfair trade practices, misappropriation of trade secrets, civil conspiracy, and bad faith.**

  A. PTS has not adequately alleged breach of agreement (Count I).

  B. The economic loss doctrine is applicable to this case.

  C. PTS has not adequately alleged tortious interference with prospective economic advantage (Count II).

  D. PTS had not adequate alleged tortious interference with contract (Count III).

  E. PTS claims of unfair trade practices (Count IV) and civil conspiracy (Count VI) are barred by Delaware's Uniform Trade Secrets Act.

  F. PTS has not adequately alleged misappropriation trade secrets certainly as to the Piane Defendants (Count V).

  G. PTS has not adequately alleged civil conspiracy (Count VI).

  H. PTS has not adequately alleged bad faith (Count VIII).

## ARGUMENTS

A.     **Standard of review**

The Piane Defendants rely on the standard review set out in their opening brief.

B.     **Arguments**

I.     **The plaintiff has failed to invoke federal question jurisdiction in that Preferred Tax Service, Inc. ("PTS") does not allege facts to establish a prima facia case for wire fraud, mail fraud and RICO violations.**

Initially, the plaintiff seems to be arguing that it can bring a specific civil actions for common law fraud and mail fraud pursuant to 18 U.S.C. § 1341 and wire fraud pursuant to 18 U.S.C. § 1343. Its argument is based on a general U.S. Supreme Court case Exxon Mobil Corp v. Allapattah Servs., 125 S. Ct. 2611, 2617 (U.S. 2005).

However, the plaintiff failed to cite any federal cases to support the above propositions. Probably because there are none. Wisdom v. MidWest Bank of Poplar Bluff, 167 F. 3d. 402, 408 (8th Cir. 1999); Ryan v. Ohio Edison Company, 611 F. 2d. 1170, 1178, (6th Cir. 1979); Bell v. Health-Mor, Inc., 549 F. 2d. 342, 346 (5th Cir. 1977); Fleishman v. Scilley, 2004 U.S. Dist. LEXIS 20066 (E.D. PA September 30, 2004).

Plaintiff then attempts to set out the particulars of what it alleges is the fraud committed by the Piane Defendants along with The Tax Authority ("Tax Authority") and Kenneth M. Leese ("Leese"). However, even with a fair reading of the verified complaint and accepting the allegations as true and giving all inferences to the plaintiff, It does not set out a case for fraud.

The plaintiff alleges some of the alleged concealments such as the negotiations to make the lease and the existence of the lease. From reading the plaintiff's verified complaint It knew as of August 10, 2005 that a lease had been executed between Tax Authority and Piane. Yet plaintiff continued to negotiate until September 30, 2005.

The plaintiff then argues that Piane's agreement to make renovations while negotiations were ongoing and Piane spending of the prepayment on renovations in furtherance of the lease were an omission or concealments. Plaintiff was aware as can be seen by the verified complaint that Piane had been paid money up front upon the signing of the lease. There is nothing in the verified complaint to suggest that Piane intentionally withheld the amount that was prepaid to the plaintiff or that the plaintiff in any way inquired about what was prepaid.

Furthermore, the plaintiff in the verified complaint admits that Its building is across the street from Piane and also that storage space was going to be converted for office space to Tax Authority if a deal was completed. Yet the plaintiff in its statement of facts, not in the verified complaint, was somehow unaware that $14,000.00 of renovations to a storage space into an office space was occurring across the street.

Lastly, the plaintiff alleges both Tax Authority and Piane were willing to abandon the lease if the sale of the business to Tax Authority was not completed but did not. The plaintiff has submitted documentation that the Tax Authority and Piane were willing to abandon the lease if the prepaid money was returned. Under any fair reading of plaintiff's verified complaint giving plaintiff all inferences, there are still no allegations of fraud. The plaintiff then states that these calculated acts of concealment and misrepresentation were intended to have the plaintiff provide confidential information to the defendants. It begs the question what confidential information that the Piane defendants could possibly care that the plaintiff would have. At best this is a contract case.

The plaintiff then argues that these misrepresentations and omissions are irrespective of any express or _implied_ agreements with PTS, or an _implied_ duty to keep information confidential and restrict its use. Reading the plaintiff's verified complaint there was either an express agreement or no agreement. Plaintiff seems to be backtracking from Its complaint. Secondly, the Pianes had no confidential information to restrict.

The plaintiff argues that what It has stated in the complaint constitutes predicate acts which would allow It to pursue a civil RICO act against the Piane defendants. The plaintiff relies on two cases. Initially, It relies on U.S. v. Gordon, 380 F. Supp. 2d 356 (D. Del. 2005). A reading of that case shows that it is an ongoing criminal not civil case and the allegations are that the defendants had entered into a pattern of racketeering activity for at least a six year period of time.

The second case plaintiff's rely is Jaguar Car, Inc. v. Royal Oaks Motor Car Company, Inc., 46 F. 3d 258 (3d Cir. 1995). That case was a civil RICO action. The allegations revolved around a dealership for over a four year period of time submitted false warranty claims to Jaguar. The main issue in the case is whether the principals of the corporation could also form the enterprise. In other words, whether the defendant had to be separate from the enterprise for a RICO act to apply. In Jaguar, the court found that principals could be part of the enterprise. How

3

that in any way that relates to this case, escapes the Piane defendants. The plaintiff then goes on to state that the defendants have formed another enterprise "the association of fact among the defendants". Quite frankly what the plaintiff is arguing eludes the Piane defendants. The main rationale that the plaintiff is arguing in this case is the misappropriation of the trade secrets. How the Pianes are misappropriating the plaintiff's trade secrets and why the Piane defendants would be misappropriating the plaintiff's trade secrets is left unsaid.

It is interesting to see the plaintiff in Its brief have not alleged any type of diversity of citizenship as It did in the verified complaint. Furthermore, the plaintiff has failed to cite one case that is analogous to this case for a RICO claim. The Piane defendants rely on the legion of applicable cases supplied by Tax Authority and Leese in their opening brief to dismiss the complaint in its entirety as to as to failure of the RICO claim.

**II.    PTS has not alleged facts to establish prima facia cases for breach of contract, tortious interference with prospective economic advantage, tortious interference with contract, unfair trade practices, misappropriation of trade secrets, civil conspiracy, and bad faith.**

The plaintiff states a laundry list of the allegations contained in the verified complaint but obviously supplies no specifics. The Piane defendants argue that all of the allegations set out in the verified complaint do not allege any cognizable actions under the set of circumstances alleged in plaintiff's complaint. Furthermore, the plaintiff again alleges that the Piane defendants acquired trade secrets by improper means and are using the information improperly. It begs the question how a landlord is using trade secrets in a tax business.

**A.    PTS has not adequately alleged breach of agreement (Count I).**

The plaintiff argues that there is consideration in regards to the contract between the Pianes and plaintiff. In support It cites <u>Delaware Trust Company v. Robinson</u>, 1993 WL 1303175 (Del. Com. Pl 1993). A reading of the case found that the Common Pleas court found consideration on the part of the defendant when he co-signed for his sister on an account and his sister failed to pay and Delaware Trust went after the defendant. The court found that there was consideration since he signed the account so his sister could enter into the account. The Piane defendants fail to see the relation between the above case and the case at bar. The Piane defendants rely on their argument in their opening brief that there was no consideration.

4

The plaintiff's next argument is the statute of frauds does not bar the alleged oral promise between Piane and the plaintiff. It alleges that the agreement was related to the use of confidential information in that the Piane was given the name of the prospective tenant. The plaintiff fails to mention the information was a prospective tenant potentially entering into a lease with Piane. That was the whole reason for giving the name. That reasoning is nonsensical. The Piane defendants rely on their opening brief and the case law supporting that this was a alleged promise concerning an interest in land and falls squarely within 6 Del. Code § 2714.

Lastly, the plaintiff argues that if the alleged promise does fall within the statute of frauds then it is valid do to full performance of the plaintiff under the doctrine of promissory estoppel. The Piane defendants do not understand what full performance the plaintiff is referring and how that involves the doctrine of promissory estoppel.

There is a doctrine of promissory estoppel. Part of criteria for promissory estoppel as stated in Waggoner v. Laster, 581 A. 2d 1127 (Del. 1990) [at 136]… "(L)ack knowledge of the means of obtaining knowledge of the truth of the facts in question…(H)ad a prejudicial change of position as a result of his reliance" Wilson v. American Insurance Company, 209 A. 2d 902, 903-304 (Del. 1968).

As stated above the plaintiff was aware of the lease as of August 10, 2005. It is certainly had the ability to learn the truth of the facts in question by simply asking the Pianes how much they were paid upfront. They also have the ability to look across the street and see renovations being done to the facility. Also, it is hard to understand what prejudicial change in position the plaintiffs suffered as a result of its reliance. It terminated the discussions for the attempted sale. The Piane defendants have certainly not misappropriated trade secrets from the plaintiff.

B.    **The economic loss doctrine is applicable to this case.**

The plaintiff argues that the economic loss doctrine does not apply because the bargained for item was the use of confidential information which apparently was supplying the name of the perspective tenant to Piane. It then argues that the loss of bargaining power was a misappropriation of a trade secret which was the supplying Piane the name of the perspective tenant.

Black's Law Dictionary 8th Edition at page 318 defines confidential information. The definition is as follows "Meant to be kept secret". It is impossible to understand how the Pianes

5

would want that information to be secret since they were certainly interested in having the property leased. As stated, the plaintiff also defines giving Tax Authority the name of the Piane defendants as a trade secret. The plaintiff has cited no case law and quite frankly can not cite any case law that would suggest that the name of a perspective landlord is a trade secret of a tax preparation business.

In this argument and throughout the answering brief the plaintiff continues to talk about its loss of competitive advantage. Except for a couple of conclusionary statements in It's verified complaint, the plaintiff has not at all set down what loss of bargaining power it ended up having as a result of the lease between Piane and Tax Authority. This argument makes absolutely no sense. Granted Tax Authority now has a space across the street from the plaintiff. However, Tax Authority would be legally entitled to rent or buy any space in that area that they liked. With over eighty offices throughout the country, it is inconceivable that Tax Authority did not have the wherewithal to be able to find a space in which to lease or to buy in that specific area.

C. **PTS has not adequately alleged tortious interference with prospective economic advantage (Count II).**

The crux of plaintiff's argument that the Pianes have tortuously interfered with the plaintiff's prospective economic advantage is that somehow Piane is the competitor of PTS for the business relationship of Tax Authority. The Piane defendants failed to understand how Piane is a competitor of PTS for the business relationship of Tax Authority. Piane is in the business of leasing real estate. Furthermore, the plaintiff has not alleged in it's verified complaint that Piane had any knowledge of any alleged oral agreement on the part of Tax Authority and the plaintiff to not lease space from Piane until a deal was done. Also, this type of allegation must involve financial damages. Connoly v. Labowitz, 519 A. 2d 138, 145 (Del. Super. 1986).

Along with what is stated above the Piane defendants rely on what was stated in their opening brief.

D. **PTS had not adequate alleged tortious interference with contract (Count III).**

In alleging tortious interference with contract the plaintiff states that the Piane defendants knew about the contract between the plaintiff and Tax Authority to not enter a lease with Piane until the plaintiff's business had been bought by Tax Authority. Nowhere in the verified complaint does it state that. Therefore, it is hard to understand how the Piane defendants

committed tortious interference with a contract that they did not know existed. The plaintiff then goes on to state the damages that will result in terms of the loss of negotiating strength which it never defines and misappropriation of trade secrets in which the Piane defendants are not involved.

Piane defendants except for the above rely on the argument contained in their opening brief.

E. **PTS claims of unfair trade practices (Count IV) and civil conspiracy (Count VI) are barred by Delaware's Uniform Trade Secrets Act.**

The plaintiff's argument regarding the claim of unfair trade practices, ignores the crux of the entire complaint in terms of damages as It tries to fit this allegation in the cracks. It argues that even if presumably Tax Authority has not received any trade secrets somehow PTS has been placed at a competitive disadvantage using other wrongful acts. Throughout the complaint the competitive disadvantage has been the use of the trade secrets. The plaintiff is suggesting that the locale is the competitive disadvantage. Again Tax Authority had every right to move any where close to the plaintiff as it deemed fit. This case is about the misappropriation of trade secrets at its core and the Uniform Trade Secrets Act applies.

F. **PTS has not adequately alleged misappropriation trade secrets certainly as to the Piane Defendants (Count V).**

The argument by the plaintiff in regards to this allegation has nothing to do with the Piane defendants as can be seen by the argument propounded by the plaintiff.

G. **PTS has not adequately alleged civil conspiracy (Count VI).**

As admitted by plaintiff civil conspiracy is not an independent cause of action. Connoly v. Labowitz, 519 A. 2d 138, 145 (Del. Super 1986). As been argued by the Piane defendants throughout the opening and reply brief, the defendants have not proven any other cause of action which would allow a claim for conspiracy to be pleaded and proved.

H. **PTS has not adequately alleged bad faith (Count VIII).**

In arguing that the plaintiff has a direct cause of action for bad faith It relies on the case of Brittingham v. Board of Adjustment of City of Rehoboth Beach, 205 WL 1653979 (Del.

Super. 2005). Upon reading the case the Superior Court considered sanctions for attorneys' fees against the city of Rehoboth Beach as a result of allegations made by the plaintiff that the city committed bad faith. There was no independent cause of action for bad faith alleged in the case and the court in It's reasoning not to allow the attorney fee sanction discussed numerous cases that all revolved around sanctions for bad faith. The court at no point in Brittingham discussed a cause of action for bad faith.

## CONCLUSION

For the foregoing reasons, defendants, Robert Piane, Jr., Robert Piane and Piane Caterers, Inc., request that this court grant their motion to dismiss Preferred Tax Service, Inc. verified complaint in its entirety with prejudice.

_____
Michael J. Hood (No. 2080)
MICHAEL J. HOOD, LLC
1701 Shallcross Ave. Ste. C
P. O. Box 1471
Wilmington, DE 19899
(302)777-1000
(302)777-1098 (Fax)

Attorney for Defendants,
Robert Piane, Robert Piane, Jr.,
and Piane Caterers, Inc.

Dated: January 25, 2006