IN THE UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

| | |
|---|---|
| PREFERRED TAX SERVICE, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> THE TAX AUTHORITY, INC., a New Jersey corporation, et al., <br><br> Defendants. | C.A. No.: **1:05-cv-872(SLR)** <br><br><br><br> **JURY TRIAL DEMANDED** |

## PLAINTIFF'S MOTION TO SEAL CONFIDENTIAL DOCUMENTS

Plaintiff, Preferred Tax Service, Inc. ("Preferred Tax") moves the Court for an Order sealing certain confidential documents. In support thereof, Preferred Tax states the following:

1. On December 16, 2005, Preferred Tax filed its verified Complaint against the defendants, The Tax Authority, Inc. ("Tax Auhtority"), Kenneth M. Leese ("Leese"), Robert A. Piane ("Piane"), Robert A. Piane, Jr. ("Piane, Jr."), and Piane Caterers, Inc. ("Piane Caterers").

2. On December 16, 2005, Preferred Tax also filed a Motion for a Temporary Restraining Order against Tax Authority, et al.

3. On December 30, 2005, Tax Authority and Leese filed a Motion to Dismiss and Supporting Brief, with an accompanying Appendix

1

to Motion to Dismiss. The first exhibit of the Appendix is labeled "Customer List," which is Preferred Tax's customer list in its entirety. (Dk 11, pp. A1 – A17).

4. On January 5, 2006, Tax Authority and Leese filed a Brief in Opposition to Plaintiff's Motion for Temporary Restraining Order, with an accompanying Appendix to the Brief. The third exhibit of the Appendix is labeled "List of Revenues," which again is Preferred Tax's customer list in its entirety. (Dk 14, pp. App 10 – App 26).

5. Unless designated confidential, court proceedings, pleadings, and transcripts are open to the public. Pursuant to Federal Rules of Civil Procedure, Rule 26, documents containing confidential or sensitive information may be placed under seal in order to maintain the secrecy of confidential information during litigation.

6. An order permitting a party to designate as confidential any document believed to contain trade secrets or other confidential information is legitimate provided that the Court satisfies itself that the party knows what a trade secret is; acts in good faith in deciding which parts of the record are trade secrets; and understands that other parties and any interested member of public can challenge the secreting of particular documents. *Citizens First*

*Nat'l Bank v. Cincinnati Ins. Co.*, 178 F3d 943, 51 USPQ2d 1218 (1999, CA7 Ill).

7. "[A customer list] is precisely the type of business information which is regularly accorded trade secret status." <u>Livewire Publishing, Inc. v. Best Software, Inc.</u>, 252 F.Supp.2d 74 (D. Del. 2003). A trade secret is: Information, including a formula, pattern, compilation, program, device, method, technique or process, that:

> a. Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and
> b. Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.
> 6 Del. C. § 2001(4).

In the case at bar, Preferred Tax's customer list is a trade secret because it is information that derives economic value from not being generally known and is maintained in a reasonably secretive manner.

8. Preferred Tax's is acting in good faith by its request that the customer list be sealed by the Court. Further disclosure of Preferred Tax's confidential customer list will irreparably harm its business. Moreover, the subject of Preferred Tax's customer list, which contains the names of Preferred Tax's customers and corresponding social security numbers and account charges, is not at issue in this Court. For the purposes of this cause

of action, it is sufficient that both parties acknowledge that such a list exists and that that list was disclosed to Tax Authority and Leese by Preferred Tax.

9. Preferred Tax recognizes that the secreting of its customer list may be challenged.

**WHEREFORE**, for the foregoing reasons, this Court should grant Preferred Tax's Motion to Seal Confidential Documents, specifically its customer list disclosed by Tax Authority and Leese that is part of docket entries 11 and 14.

Respectfully submitted,

JRJ/mal
Dated: January 25, 2006

J. R. Julian No. 488
J. R. JULIAN, P.A.
824 Market Street
Suite 1001
P.O. Box 2171
Wilmington, DE 19899-2171
(302) 658-6700
Attorneys for Plaintiff
Preferred Tax Services, Inc.

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

| | |
|---|---|
| PREFERRED TAX SERVICE, INC., : <br> a Delaware corporation, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> THE TAX AUTHORITY, INC., : <br> a New Jersey corporation, et al., : <br> : <br> Defendants. : | C.A. No.: **1:05-cv-872(SLR)** <br><br><br><br><br><br> **JURY TRIAL DEMANDED** |

## ORDER

AND NOW TO WIT this ___ day of January, 2006, the Plaintiff, Preferred Tax Service, Inc. ("Preferred Tax"), having filed a Motion to Seal Confidential Documents, specifically the first exhibit of the defendants' Appendix (Dk 11, pp. A1 – A17) and the third exhibit of the defendants' Appendix (Dk 14, pp. App 10 – App 26), and the Court having heard counsel for the parties, the Motion is GRANTED and Docket entries 11, pp. A1 – A17, and 14, pp. App 10 – App 26, are hereby sealed.

IT IS SO ORDERED.

_____
Hon. Sue L. Robinson, Chief Judge

## CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2006 I electronically filed Plaintiff's Motion to Seal Confidential Documents with the Clerk of the Court using CM/EMF which will send notification of such filing to the following:

> Erin D. Edwards, Esq.
> Young, Conaway, Stargatt & Taylor, LLP
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, DE 19899-0391

> Michael J. Hood, Esq.
> 1701 Shallcross Avenue
> Suite C-1
> P.O. Box 1471
> Wilmington, DE 19899-1471

BY: _____
J. R. Julian
J. R. JULIAN, P.A.
824 Market Street
Suite 1001
P.O. Box 2171
Wilmington, DE 19899