LAW OFFICES

# J. R. JULIAN

PROFESSIONAL ASSOCIATION

824 MARKET STREET MALL, SUITE 1001

P. O. Box 2171

WILMINGTON, DELAWARE 19899

TELEPHONE (302) 658-6700

TELECOPIER (302) 658-6708

J. R. Julian
Melissa A. LeBon*

*ADMITTED IN PA ONLY

January 27, 2006

**BY REGULAR MAIL**
Hon. Sue L. Robinson
Chief Judge
J. Caleb Boggs Federal Building
844 N. King Street
Room 6124
Lockbox 31
Wilmington, DE 19801

RE: **Preferred Tax Services, Inc. v. The Tax Authority, Inc., et al.**
**Civil Action No.:                                  1:05-cv-00872-SLR**

Dear Chief Judge Robinson:

I am writing today to address Preferred Tax Services, Inc.'s ("Preferred Tax") Motion for a Temporary Restraining Order ("TRO"). As your Honor knows, Preferred Tax filed its Motion for a TRO on December 16, 2005. This Motion was filed to request that this Court temporarily restrain:

> (1) Piane Caterers, Inc. ("Piane Caterers"), Robert A. Piane ("Piane"), and Robert A. Piane, Jr. ("Piane, Jr."), (collectively "Piane Defendants"), from renting any office space to Kenneth M. Leese ("Leese") and/or The Tax Authority, Inc. ("Tax Authority") in the area with the zip code 19802;

> 2) Leese and Tax Authority from using any property owned by the Piane Defendants for any purpose whatsoever including the placement of signs or making any improvements, or repairs or other preparations to open a tax

Hon. Sue L. Robinson
January 27, 2006
Re: **Preferred Tax Services, Inc. v. The Tax Authority, Inc., et al.**
Page -2-

preparation business;

(3) Leese and Tax Authority from owning or operating, directly or indirectly, any individual income tax return preparation business in any area with the zip code 19802; and

(4) Leese and Tax Authority from using, directly or indirectly in any manner whatsoever all customer lists, employee lists, pricing strategy information, marketing methods, operational systems, and other information about Preferred Tax and all copies thereof (collectively "Confidential Information"), as well as instructing Leese and Tax Authority to return the Confidential Information to Preferred Tax.

Disingenuously, Tax Authority and Leese stated in its Brief in Opposition to Plaintiff's Motion for TRO[1]: ". . . the denial of an injunction at this time would cause no harm to [Preferred Tax], particularly since Tax Authority has not even opened its tax preparation business in the Property. . ." (Page 12). And yet, buried in the facts section of that Brief, Tax Authority and Leese admit that the Tax Authority was moving forward with plans to open a tax preparation business in the Piane Defendants' office space without acquiring Preferred Tax. (Page 6). Moreover, in its Amended Brief in Support of its Motion to Dismiss Plaintiff's Verified Complaint[2], Tax Authority and Leese stated: ". . . [Preferred Tax] has failed to allege that Tax Authority has even opened a competing business which could make any use of the [Confidential Information]. . ." (Page 21).

Contrary to the intentionally misleading statements in its Briefs, in early-January 2006, Tax Authority installed Jackson Hewitt® signs,

---

[1] Tax Authority and Leese's Brief in Opposition to Plaintiff's Motion for TRO was filed on January 5, 2006, Dk # 14.
[2] Tax Authority and Leese's Amended Brief in Support of Motion to Dismiss Plaintiff's Verified Complaint was filed on January 3, 2006, Dk # 13.

Hon. Sue L. Robinson
January 27, 2006
Re:   **Preferred Tax Services v. The Tax Authority, Inc., et al.**
Page -3-

announcing its clear intention to open for business in the near future. On either Sunday, January 15, 2006 or Monday, January 16, 2006, the Tax Authority opened for business and began operating a tax preparation business across the street from Preferred Tax. Tax Authority continues to operate as of this writing. These factors make the TRO issue exigent.

In light of the fact that 2006 Tax season is in full swing, the opening of Tax Authority's tax preparation business across the street from Preferred Tax, with full access to Preferred Tax's Confidential Information, has caused and will continue to cause Preferred Tax immediate and irreparable harm. Every day that passes adds to the damages being inflicted on Preferred Tax. Due to the time sensitive nature of the damages, Preferred Tax requests that the Court address the TRO issue as soon as possible.

Respectfully yours,

J. R. JULIAN

JRJ/mal

CC:   Erin D. Edwards, Esq.
CC:   Michael J. Hood, Esq.