## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

PREFERRED TAX SERVICE, INC.,          :
                                       :         Civil Action No.
                    Plaintiff,         :         1:05-CV-00872-SLR
                                       :
                                       :
          v.                           :
                                       :
ROBERT PIANE et al.,                   :
                                       :
                    Defendants.        :

### BRIEF IN SUPPORT OF MOTION TO FOR SANCTIONS PURSUANT
### TO F.R.C.P. RULE 11 OF DEFENDANTS,
### ROBERT PIANE, SR., ROBERT PIANE, JR. AND PIANE CATERERS, INC.

Michael J. Hood (No. 2080)
MICHAEL J. HOOD, LLC
1701 Shallcross Ave. Ste. C
P. O. Box 1471
Wilmington, DE 19899
(302)777-1000
(302)777-1098 (Fax)

Attorney for Defendants,
Robert Piane, Sr., Robert Piane, Jr.,
and Piane Caterers, Inc.

Dated: May 10, 2006

### TABLE OF CONTENTS

TABLE OF AUTORITIES............................................................................. iii

NATURE AND STAGE OF PROCEEDINGS............................................. 1

SUMMARY OF ARGUMENT.................................................................... 1

STATEMENT OF FACTS........................................................................... 2

ARGUMENT.............................................................................................. 3

     A.    Plaintiff's attorney conduct is a violation of F.R.C.P 11............... 3

     B.    There is absolutely no legal basis for PTS' claims...................... 5

     C.    PTS' allegations have no factual support and do not state
         a claim upon which relief can be granted................................... 7

CONCLUSION........................................................................................... 8

## TABLE OF AUTHORITIES

**Cases:**

Barker v. Dandar, 180 f 3d 516,522 – 524 [C A 2nd 1998]............................................ 3

Bell v. Health-Mor, Inc., 549 F. 3d 342, 346 (5th Cir. 1977).................................... 6

Bradgate Associates, Inc. v. Fellows, Read & Associates, Inc., 999 F.2d 745, 752
(3d Cir. 1993)................................................................................................................. 4

Cooter & Gell v. Hartmarx Corporation, 496 U.S. 384, 393 (1990)........................... 4

Fellheimer, Eichen & Baverman, P.C. v. Charter Technologies, Incorporated, 57 F. 3d
1215, 1225 (3d Cir. 1995).............................................................................................. 4

Fleishman v. Scilley, 2004 U.S. Dist. LEXIS 20066, at *3
(E.D. Pa. September 30, 2004)....................................................................................... 6

Gaiardo v. Ethyl Corporation, 835 F. 2d 479, 482 (3d Cir. 1987).............................. 4

Loving v. Pirelli Cable Corporation, 11 F. Supp. 2d 480, 492-493 (D. Del. 1998),
aff'd, 178 F. 3d 1279 (3d Cir. 1999).............................................................................. 4

Napper v. Anderson, Henley Shields, Bradford & Pritchard, 500 F. 2d 634, 636
(5th Cir. 1974), cert. denied, 423 U.S. 837, 96 S. Ct. 65 (1975)................................... 6

Project 74 Allentown, Inc. v. Frost, 143 F.R. D. 77, 82-3 (E.D. Pa. 1992),
aff'd, 998 F. 2d 1004 (3d Cir. 1993).............................................................................. 4

Ryan v. Ohio Edison Company, 611 F. 2d 1170,1178 (6th Cir. 1979)........................... 6

Simmerman v. Corino, 27 F. 3d 58, 62 (3d. Cir. 1994)................................................ 5

Stern v. Prudential Prop. & Cas. Ins. Co., 1994 U.S. Dist. LEXIS 9022, at *4
(E.D. Pa. June 30, 1994)................................................................................................. 6

Tabas v. Tabas 47 F.3d 1280 (3d Cir.1995)............................................................... 2, 6

Turner Construction Company v. First Indeminty of America Insurance Company,
829 F. Supp. 752, 768 (E.D. Pa. 1993) aff'd, 22 F. 3d 303 (3d Cir. 1994)................... 4

Wisdom v. First Midwest Bank of Poplar Bluff, 167 F. 3d 402, 408 (8th Cir. 1999)........ 6

**Statues and Rules:**

18 U. S.C. § 1341 and 1343...................................................................... 2, 6

18 U. S. C. §§ 1961-1968...................................................................... 1

18 U.S.C. 1941 & 1943.......................................................................... 5

18 U.S.C. § 1962.................................................................................. 2

F.R.C.P 11......................................................................................... 1-8

Rule 11 (b) (2)...................................................................................... 5

Rule 11 (b) (3)...................................................................................... 7

## NATURE AND STAGE OF PROCEEDINGS

In this action, Plaintiff, Preferred Tax Service, Inc. ("PTS") filed an action in the Federal Court for the District of Delaware against the Defendants The Tax Authority, Inc., ("Tax Authority") and its principal Kenneth M. Leese ("Leese") and also against Robert Piane, Sr., Robert Piane, Jr., and Piane Caterers, Inc. ("Piane Defendants") alleging among other things that the Piane Defendants breached an oral agreement not lease their property to Defendant's Tax Authority and Leese until such time as PTS had completed a sale of its business with the Defendant Tax Authority.

In Plaintiff's Verified Complaint filed December 16, 2005 [D.I. No.: 1], PTS purports to state eight claims against all defendants: breach of agreement (Count I), tortuous interference with prospective economic advantage (Count II), "tort, intentional tort and tortuous interference with contract" (Count III), unfair trade practices (Count IV), misappropriation of trade secrets (Count V), civil conspiracy (Count VI), common law fraud and a violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U. S. C. §§ 1961-1968 ("RICO") (Count VII), and "bad faith" (Count VIII).

The Piane Defendants filed a motion to dismiss the complaint [D.I. No.17], based on the fact that there was no federal jurisdiction and also that the state law claims had no cognizable action under law.

Contemporaneously with the Piane Defendants Motion to Dismiss they also filed a brief in opposition to the motion for a restraining order [D. I. No. 18], and an affidavit of Robert Piane, Jr. which argued the law and facts regarding the temporary restraining order and also gave the Pianes' version of the events.

The Plaintiff filed an answering brief and the Defendants then filed their reply brief. Oral argument was held in the matter by Your Honor and a memorandum decision was issued on April 11, 2006 dismissing Plaintiff's complaint based on the lack of federal jurisdiction.

This is the opening brief of the Piane Defendants for F.R.C.P Rule 11 Sanctions based on complete lack of merit on the part of the Plaintiff filing the suit.

## SUMMARY OF ARGUMENT

The action filed by PTS lacked any valid base in law or fact and precisely fits within sanctions allowed pursuant to F.R.C.P. 11. Initially, PTS' counsel knew or should have known that the action was fatally flawed as a matter of law to file in federal court. Initially, it tried to

file under diversity of citizenship though it was obvious the Plaintiff was a Delaware corporation and the Piane Defendants were citizens or a corporation of the state of Delaware. No reasonable attorney could invoke federal court jurisdiction under that set of circumstances.

Secondly, in its answering brief the Plaintiff attempted to assert a private civil right of action under 18 U. S.C. § 1341 and 1343, mail fraud and wire fraud. The Plaintiff cited no cases in support of its argument; probably because the Defendants have found no case in any jurisdiction that allows a private civil right of action under those two statutes.

Lastly, the Plaintiff attempted to bring this case in federal court as a violation of the racketeer influenced and corrupt organizations act ("RICO") [18 U.S.C. § 1962]. The Court reviewed the allegations in the complaint and took the Plaintiffs complaint as the Court should as true. Even taking the Plaintiff's complaint as true the Court discussed the various case law detailing the legal requirements for a RICO suit to proceed and found that there was no case remotely close to what plaintiff was arguing in terms of a single victim, single injury that lasted five months. In fact the only case that plaintiff could cite after given additional time by the Court and this will be discuss more fully in the argument was Tabas v. Tabas 47 F.3d 1280 (3d Cir.1995). The Tabas case is actually much more in favor of the Defendants than it is for the Plaintiff. The complaint was dismissed by Court's memorandum opinion as to the RICO claim by the Plaintiff.

Furthermore, the Plaintiff's factual issues based on state law claims do not recognize any type of conceivable action by Plaintiff against the Piane Defendants. The Court in its opinion stated "At best, the complaint alleges facts that may provide a basis for pursuing commercial litigation under state law. Defendants believe it was filed in bad faith.

## STATEMENT OF FACTS

In the interest of brevity, the Piane Defendants rely on the Court's interpretation of the facts set out in Its April 11, 2006 memorandum opinion, along with the statement of facts submitted in the Pianes' opening brief and reply brief in their motion to dismiss the complaint and also the statement of facts set out in the Piane Defendants' answer to the Plaintiff's request for a restraining order.

The Court is well versed in what the Plaintiff has argued in its complaint as heard at oral argument by Plaintiff and Defendants regarding the RICO issue and also other issues involving state law issues such as fraud and breach of contract. The case has had a total of 8 briefs up until the present time and oral argument. There is nothing the Piane Defendants could do to restate what the Court has already read through the myriad of pleadings that have had to be filed.

On January 20, 2006, Defendant's counsel wrote Plaintiff's counsel stating that the Piane Defendants were going to seek F.R.C.P 11 Sanctions based on the complaint filed by Plaintiff.

## ARGUMENT

### A.    Defendant's attorney conduct is a violation of F.R.C.P. 11.

It is a general rule for F.R.C.P 11 Sanctions when dealing with a pleading a motion for sanctions should come after the termination in the case. Furthermore,  this motion is timely.  Barker v. Dandar,180 f 3d 516,522 – 524 (C A 2nd 1998).

Rule 11 (b) provides, impertinent part;

> **"Representations to Court.** By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper an attorney or unrepresented party is certifying that to best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances,
>
> * * *
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery [1]

The theory behind Rule 11 is to deter baseless filings Cooter & Gell v. Hartmarx Corporation, 496 U.S. 384, 393 (1990). The reasoning behind Rule 11 is not just bad faith it is unreasonable or frivolous pleadings. The review by the Court is an objective criteria. Bradgate Associates, Inc. v. Fellows, Read & Associates, Inc., 999 F.2d 745, 752 (3d Cir. 1993) which states as follows:

> "We have consistently noted that the Rule 11 test is 'now an objective one of reasonableness' which seeks to discourage pleadings 'without factual foundation, even though the paper was not filed in subjective bad faith.' We have also said that Rule 11 is designed to ensure that pleadings are not used for improper purposes such as harassment, delay or needless increase in litigation expense." [Citations omitted.]

See Fellheimer, Eichen & Baverman, P.C. v. Charter Technologies, Incorporated, 57 F. 3d 1215, 1225 (3d Cir. 1995) ("The imposition of Rule 11 sanctions, [contrasted with the imposition of sanctions under the Court's inherent authority], requires only a showing of objectively unreasonable conduct"); Turner Construction Company v. First Indemnity of America Insurance Company, 829 F. Supp. 752, 768 (E.D. Pa. 1993) aff'd, 22 F. 3d 303 (3d Cir. 1994) ("'There is no room for a pure heart, empty head defense under Rule 11.'") (Citations omitted) ; Gaiardo v. Ethyl Corporation, 835 F. 2d 479, 482 (3d Cir. 1987) (objective analysis of frivolous legal arguments required, as "Rule 11 was designed to prevent abuse caused not only by bad faith but by negligence and, to some extent, by professional incompetence") ; Loving v. Pirelli Cable Corporation, 11 F. Supp. 2d 480, 492-493 (D. Del. 1998), aff'd, 178 F. 3d 1279 (3d Cir. 1999) (Rule 11 test is objective reasonableness).

---

[1]Where a party is represented by counsel, only counsel is subject to monetary sanctions for a violation of Rule 11(b) (2). See Rule 11 (c) (2) (A), F.R.C.P.

This Court fully explained this objective standard of reasonableness in <u>Project 74 Allentown,</u> <u>Inc. v. Frost</u>, 143 F.R. D. 77, 82-3 (E.D. Pa. 1992), <u>aff'd</u>, 998 F. 2d 1004 (3d Cir. 1993):

> "Although Rule 11 has not been consistently
> applied throughout the Nation, certain aspects
> of Rule 11 jurisprudence are clear. First, '[t]he
> Rule imposes an obligation on counsel and
> client analogous to the railroad crossing sign,
>
> "Stop, Look and Listen." It may be rephrased,
> "Stop, Think, Investigate, Research" before
> filing papers either to initiate a suit or to
> conduct the litigation.'
>
> "Second, Rule 11 can only be violated if
> the signing of the document in question was
> unreasonable under the circumstances. Although
> a court must avoid the use of hindsight…it is the
> objective reasonableness of the signing which
> of the signer, In short, 'a pure heart and an empty
> head' is not a defense to a Rule 11 violation."
> (Citations and footnotes omitted.)

Stated differently with respect to the obligations imposed by Rule 11 (b) (2), "Counsel 'must conduct a "reasonable investigation of facts and a normally competent level of legal research to support [a complaint]. " '" <u>Simmerman v. Corino</u>, 27 F. 3d 58, 62 (3d. Cir. 1994).

Here, the conduct of PTS and its counsel in bringing this action is unreasonable under any objective analysis. [2]

## B.    There is absolutely no legal basis for PTS' claims.

The Plaintiff cited three reasons to invoke Federal Court jurisdiction. One was diversity of citizenship. There was absolutely no diversity of citizenship since the Plaintiff is a Delaware corporation and the Piane Defendants are citizens of Delaware. To even attempt to plead that shows that Plaintiff's counsel was not paying any attention to federal law. There is no other way to describe trying to argue diversity of citizenship under this set of facts.

---

[2] These Defendants are using case law submitted by Tax Authority and Leese in a brief sent to Plaintiff on January 16, 2006. The brief was trying to stop the litigation. The case law is pertinent for the situation at hand and the Piane Defendants through their counsel found no need to find additional cases which say the exactly same thing.

Secondly, the Plaintiff tried in its answering brief to plead civil actions under the mail fraud and wire fraud statutes. 18 U.S.C. 1941 & 1943. Plaintiffs cited no case law because there is no case law to Defendants' knowledge to support that position. See Wisdom v. First Midwest Bank of Poplar Bluff, 167 F. 3d 402, 408 (8th Cir. 1999); Ryan v. Ohio Edison Company, 611 F. 2d 1170,1178 (6th Cir. 1979); Bell v. Health-Mor, Inc., 549 F. 3d 342, 346 (5th Cir. 1977) ; Napper v. Anderson, Henley Shields, Bradford & Pritchard, 500 F. 2d 634, 636 (5th Cir. 1974), cert. denied, 423 U.S. 837, 96 S. Ct. 65 (1975); Stern v. Prudential Prop. & Cas. Ins. Co., 1994 U.S. Dist. LEXIS 9022, at *4 (E.D. Pa. June 30, 1994); Fleishman v. Scilley, 2004 U.S. Dist. LEXIS 20066, at *3 (E.D. Pa. September 30, 2004). There is no reported contrary authority.

To argue a point that has no foundation in any federal jurisdiction is a completely objective failure to adhere to Rule 11. There is no other way to put it; you do not argue points without any legal foundation. It is the essence of a Rule 11 violation.

In terms of the RICO argument, the Plaintiff in its brief cited cases that had no applicability to the situation at bar. At oral argument the Court directly asked the Plaintiff's attorney at the end of oral argument to present one case in which any Court held that a RICO claim could go forward under a single victim, single injury scheme that lasted approximately a 5 month period of time. The Plaintiff's attorney responded that he had a legion of cases and then the Court gave counsel additional time in which to present a case. The only case that Plaintiff provided to the Court was Tabas v. Tabas 47 F.3d 1280 (3d Cir.1995).

In Tabas there was a three and one half year scheme. It involved more than one victim. It had numerous predicate acts which were continuing up to the time of appeal.

In Tabas, the fact scenario did not involve a single victim, or a single injury and it lasted 3 ½ years. As stated above, in every aspect it was not even close. In contrary to what Plaintiff did in its brief, the Defendants and the Court in its opinion cited numerous cases that showed that no court allowed a RICO case remotely based on what the Plaintiff was presenting. Throughout Plaintiff's brief and at oral argument Plaintiff had no case law supporting its argument.

In terms of the factual scenario, the Court has stated in its opinion that at best the Plaintiff may have a commercial case. However, it can be seen by the complaint that the Plaintiff has argued almost every type of civil tort action against the defendants. The Plaintiff has even argued

against the Piane Defendants who run a catering business and lease property that they misappropriated trade secrets. That was not cited not in one, but in numerous counts. The Court in its memorandum opinion did not delve into the state law claims because it found that there was no federal jurisdiction in this matter. However, it was incumbent upon the Defendants to provide arguments to the state law claims in their briefs. It would have been incompetent and on the verge of malpractice not to make the arguments that Defendants made in respect to the claims made by the Plaintiff in its complaint. While the Defendants were confident in their position in regards to federal jurisdiction, it is the Court that makes the ultimate determination, therefore, the defense attorneys had to argue the state law claims.

## C.    PTS' allegations have no factual support and do not state a claim upon which relief could be granted.

The Plaintiff is also asking for sanctions pursuant to Rule 11 (b) (3.) against the Defendant, itself, because the facts stated in the complaint simply do not state a cause of action and quite frankly, when read in its entirety shows malice and ill will in terms of the factual assertions in this case. Stated above in the earlier argument, the Court has ruled that at best there is a commercial dispute. The Piane Defendants certainly are not trying to read the Court's mind but taking a fair view of the complaint, the factual allegations are just absurd and do not constitute any form of relief.

The main crux of the Plaintiff's case is that allegedly the Plaintiff had an oral agreement with the Piane Defendants not to lease to the Defendants, Tax Authority and Leese, until an agreement for sale of the Plaintiffs business was made between PTS and the Tax Authority and Leese. Leaving side a moment the argument of legal consideration, a good hard look at Plaintiff's fact scenario, shows it has no bearing in reality. What the Plaintiff is arguing quite frankly is a puppet and martinet relationship. Somehow the Piane Defendants are guilty of breach of contract, fraud and a myriad of other common law and statutory civil violations when they had no say in terms of what was transpiring.

What the Piane Defendants mean is they were under the thumb of the Plaintiff. If the Plaintiff for any reason at any time decided not to sell the business, which in fact happened, no matter what type of work the Piane Defendants had to do to try to secure the lease, no matter what time and effort the Piane Defendants spent in securing the lease, it had no bearing on whether they could lease depending on the whim of the Plaintiff. As the Court has

7

noted in its opinion, it was the Plaintiff that backed out of the sale of the business. Nowhere in the complaint and nowhere in the answering brief did Plaintiff ever make a suggestion that the Piane Defendants contributed in any fashion to the Plaintiff's decision not to sell the business.

What we have here is a Plaintiff filing a suit against the Piane Defendants branding them as frauds and racketeers where they were pawns in the Plaintiff's desire to sell the business to the Tax Authority and Lease. The Piane Defendants had no rights in the alleged bargain and now have been subjected to a suit which makes no sense in law or in fact.

This is a classic case of bad faith on part of the Plaintiff. The absurd facts asserted by the Plaintiff have branded these Defendants in public and made them expend significant attorney fees to fight this case which was dismissed by this Court. The Plaintiff did not get what it wanted. So it frivolously sued the Piane Defendants because it got a lease. This is the essence of the bad faith.

Again as in the legal aspect of this case, it is a classic example of the need for F.R.C.P. 11 and an award of sanctions against the Plaintiff along with Plaintiff's counsel.

## CONCLUSION

For the reasons stated the Plaintiff and its counsel are subject to sanctions. This has been a grievous violation of F.R.C.P.11. The only fair way in the Piane Defendants' opinion to correct this egregious behavior, is to have their attorney's fees be paid in full by the both the Plaintiff and Plaintiff's counsel jointly and severally. The Piane Defendants request this court to grant their motion and also ask the Court to allow them to present an affidavit of attorney's fees to the Court, so that the Court can award fees for violation of the rule.

Michael J. Hood (No. 2080)
MICHAEL J. HOOD, LLC
1701 Shallcross Ave. Ste. C
P. O. Box 1471
Wilmington, DE 19899
(302)777-1000
(302)777-1098 (Fax)

Attorney for Defendants,
Robert Piane, Robert Piane, Jr.,

8